UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PATRICK WILKERSON, SR., | : | Case No: 3:24-cv-114 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| MELANIE PHELPS-POWERS, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on *pro se* Defendant Nakela McGhee's motions to obtain electronic case filing ("e-filing") rights (Doc. #s 17-18). In her motions, Defendant McGhee represents that she has reviewed the requirements for e-filing and agrees to adhere to these requirements; that she understands that once she registers for e-filing, she will receive filings only by email and not by regular mail; that she has access to technical requirements necessary to e-file successfully; and that all documents filed electronically will conform substantially to the requirements of the Local Rules for this District and to the format for the ECF system set out in the most current edition of the ECF Policies and Procedures Manual issued by the Clerk. (Doc. #13). Further, she understands that permission to e-file may be revoked at any time. *Id*.

While parties proceeding *pro se* are not usually allowed to file electronically, "[a] pro se individual may apply to the assigned Judicial Officer for permission to electronically file documents." Southern District of Ohio CM/ECF Procedures Guide (rev. July 2019), p.4. Under the circumstances of this specific case, Defendant McGhee's requests to participate in e-filing in this Court (Doc. #s 17-18) are **GRANTED** to the extent that she may participate in e-filing only as to this particular case and conditional on her compliance with all applicable e-filing

requirements. Defendant McGhee is **DIRECTED** to create a PACER account and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf.

Defendant McGhee is **ADVISED** that failure to adhere to applicable e-filing requirements will likely result in the revocation of permission to participate in e-filing. Defendant McGhee is specifically **CAUTIONED** that failure to update her email address and monitor her email account (including her "junk mail" or spam folder) for court filings may result in the Court's dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here").

**IT IS SO ORDERED**.

December 30, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

2