UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICK WILKERSON, SR.,

       Plaintiff,

vs.

MELANIE PHELPS-POWERS, *et al.*,

       Defendants.

Case No. 3:24-cv-114

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY (*See* Doc. No. 32); (2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. No. 14); (3) DISMISSING PLAINTIFF'S CIVIL CONSPIRACY CLAIM AGAINST ALL DEFENDANTS; (4) GRANTING DEFENDANT WILDER'S MOTION TO DISMISS (Doc. No. 22); (5) DISMISSING DEFENDANT WILDER FROM THIS CASE; (6) TERMINATING AS MOOT WILDER'S PENDING MOTION TO STRIKE (Doc. No. 33); (7) GRANTING IN PART AND DENYING IN PART THE COUNTY DEFENDANTS' MOTION TO DISMISS (Doc. No. 23); (8) DISMISSING ALL CLAIMS AGAINST DEFENDANT BRUDER EXCEPT PLAINTIFF'S FOURTH AMENDMENT WRONGFUL INVESTIGATION CLAIM; AND (9) CONFIRMING THAT DEFENDANT MCGHEE DID NOT FILE A DISPOSITIVE MOTION AND REMAINS IN THIS CASE**

---

This civil case concerns the investigation, prosecution, and acquittal of Plaintiff Patrick Wilkerson, Sr. in the Montgomery County, Ohio Court of Common Pleas.[1] Doc. No. 3.  Plaintiff brings this case *pro se*[2] under 42 U.S.C. § 1983 claiming Defendants—Montgomery County

---

[1] *State v. Wilkerson*, No. 2021CR03390 (Montgomery Cnty. C.P.).  To the extent Plaintiff asserts claims relating to an earlier state criminal case brought against him, *State v. Wilkerson*, No. 2021CR01728 (Montgomery Cnty. C.P.), *res judicata* bars those claims due to his guilty plea in that case.  *See* Doc. No. 3 at PageID 61; *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) ("We hold that the pleas in state court made by defendants and the finding of guilt and imposition of fines by that court estop plaintiff from now asserting in federal court that the defendant police officers acted without probable cause"); *see also Duncan v. U.S. Bank Nat. Ass'n*, No. 2:11–cv–913, 2013 WL 5408264, at *4 (S.D. Ohio Sept. 25, 2013) ("'[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action" (quotation omitted)).

[2] As with all *pro se* litigants, Plaintiff's documents and allegations are liberally construed in his favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

Sheriff's Office Detective Melanie Phelps-Powers; Montgomery County Assistant Prosecuting Attorney Lisa Bruder; defense attorney Lucas Wilder; and "complaining witness" Nakela McGhee (collectively "Defendants")—conspired to deprive him of his rights under the Fourth, Fifth, and Fourteenth Amendments.[3] *Id.*; *see* Doc. No. 6.

This case is before the Court upon Plaintiff's motion to reconsider the Court's Order granting Defendant Wilder a 21-day extension to respond to Plaintiff's complaint. Doc. No. 14; *see* Doc. Nos. 8, 11. Defendant Wilder did not respond to Plaintiff's motion to reconsider, and the time for doing so has passed. S.D. Ohio Civ. R. 7.2(a)(2). This case is also before the Court upon two motions to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6): The first filed by Defendant Wilder (Doc. No. 22); the second filed by Defendants Phelps-Powers and Bruder (collectively the "County Defendants") (Doc. No. 23). Plaintiff has filed a memorandum in response to both dispositive motions. Doc. No. 27. Defendant Wilder and the County Defendants both filed replies. Doc. Nos. 28, 29. Plaintiff, without leave of Court, sur-replied.[4] Doc. No. 32; *see* S.D. Ohio Civ. R. 7.2(a)(2). Defendant Wilder has moved to strike Plaintiff's sur-reply (Doc. No. 33), and Plaintiff has filed a memorandum in opposition (Doc. No. 32). Defendant Wilder did not reply, and the time for doing so has passed. S.D. Ohio Civ. R. 7.2(a)(2). Thus, the motions are ripe for review.

---

[3] The following claims, when liberally construed in his favor, are pled in Plaintiff's *pro se* complaint: Fourth Amendment false arrest (complaint claim 1); Fourth Amendment illegal search and seizure (complaint claim 2); Fourth Amendment malicious prosecution (complaint claim 3); Fourth Amendment wrongful detention (complaint claim 4); Fourth Amendment wrongful investigation (complaint claim 5); Fifth Amendment violation of Takings Clause (complaint claim 6); Fourteenth Amendment violation of Due Process (complaint claim 11); and civil conspiracy (complaint claim 14). Doc. No. 3. The Court previously dismissed claims 7-10, 12, and 13 pled in Plaintiff's complaint. *See* Doc. No. 6.

[4] The Court liberally construes Plaintiff's sur-reply in his favor as a motion for leave to file a sur-reply. For good cause shown, the Court **GRANTS** Plaintiff's motion and accepts his memorandum as filed. *See* S.D. Ohio Civ. R. 7.2(a)(2).

**I.**

At the motion to dismiss stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

3

## II.

### A. Plaintiff's Motion to Reconsider

One preliminary matter merits attention. Plaintiff asks the Court to reconsider Magistrate Judge Peter B. Silvain, Jr.'s Order (Doc. No. 11) granting Defendant Wilder a 21-day extension of time to file a response to Plaintiff's complaint. Doc. No. 14. Regardless of whether Plaintiff received notice of Defendant Wilder's motion, he has failed to establish that Judge Silvain's Order was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Plaintiff's arguments for reconsideration merely repeat his contention that Defendant Wilder failed to exercise due diligence and misinformed the Court about his inability to contact Plaintiff before seeking an extension. Doc. No. 14 at PageID 114-16. Without further elaboration, which Plaintiff does not provide, he has not established how or why he is prejudiced by the 21-day extension or by Judge Silvain's Order. Accordingly, Plaintiff's motion for reconsideration is denied. *See Hopson v. Bumgardner*, No. 2:23-CV-00951, 2025 WL 892581, at *3 (S.D. Ohio Mar. 24, 2025).

### B. Plaintiff's Stand-alone Civil Conspiracy Claim

Plaintiff's fourteenth claim asserts a civil conspiracy. Doc. No. 3 at PageID 80. Yet, in each of his other claims, Plaintiff alleges three or more Defendants conspired together to violate his constitutional rights. *See id.* at PageID 69-80. Plaintiff's civil conspiracy claim—in its entirety—states:

> 172. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.
>
> 173. Defendants at all times relevant to this action were acting under the color of state law.

*Id.* at PageID 80.

"It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state

4

such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  This pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Liberally construing Plaintiff's civil conspiracy claim in his favor, it is both conclusory and repetitive of his prior claims.  By incorporating his prior paragraphs by reference, he merely repeats his allegations and claims, and does not allege any additional specific acts taken or omitted by Defendants in support of this stand-alone conspiracy claim.  Thus, Plaintiff has failed to satisfy the "relatively strict" pleading requirements necessary to raise a plausible, non-repetitive conspiracy claim, and his stand-alone civil conspiracy claim is dismissed against all Defendants. *See Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *Fieger*, 524 F.3d at 776.  In addition, the legal basis for Plaintiff's fourteenth claim is the federal criminal conspiracy statute, 18 U.S.C. § 242 (Doc. No. 3 at PageID 80), which does not support a civil conspiracy claim. *See Krajicek v. Justin*, No. 98-1249, 1999 WL 195734, at *1 (6th Cir. March 23, 1999) (finding "the district court properly dismissed the criminal conspiracy claims that [the plaintiff] raised under 18 U.S.C. §§ 241-242, as these statutes do not provide a basis for civil liability").

### C.  Defendant Wilder's Motion to Dismiss

Plaintiff's claims against Defendant Wilder, his former court-appointed criminal defense attorney, fail because Wilder is not a state actor and did not act under the color of state law as § 1983 requires.  It is well established that "[c]ourt-appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not 'act under color of state law' and are therefore not subject to suit under 42 U.S.C. § 1983." *Day v. Genesee Cnty.*, No. 10-cv-14169, 2010 WL 4792382, at *3 (E.D. Mich. Nov. 18, 2010) (citation omitted); *see Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (a court-appointed attorney representing a criminal defendant does not act under color of state law); *Dunning v. Yuetter,* 12 Fed. App'x 282, 284 (6th Cir. 2001) (criminal defense attorneys did not act under color of state

5

law for purposes of § 1983).  However, a person may be a state actor if he or she "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).  "But without some plausible and specific factual showing that the person acted in concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense attorney is not a 'state actor' and is not subject to suit under 42 U.S.C. § 1983."  *Ayers v. Gabis*, No. 20-11735, 2021 WL 4316853, at *4 (E.D. Mich. Sept. 23, 2021) (citing *Elrod v. Mich. Sup. Ct.*, 104 Fed. App'x 506, 508 (6th Cir. 2004)); *see Gutierrez*, 826 F.2d at 1538 ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983").

There is nothing before the Court upon which it can plausibly conclude that Defendant Wilder jointly participated or conspired with the other Defendants in arguably depriving Plaintiff of a constitutional right.  *See* Doc. No. 3.  Instead, Wilder successfully defended Plaintiff in his state court case, resulting in a jury acquitting him on all criminal charges.  *Id.* at PageID 67; Doc. No. 22 at PageID 157.  It is simply implausible that attorney Wilder would make any effort, let alone a successful effort, to obtain an acquittal of Plaintiff on all charges if Wilder were also involved in a conspiracy with other Defendants to assist in the wrongful prosecution and conviction of Plaintiff.  *See Spencer v. Griffith*, No. 2:25-cv-785, 2026 WL 323298, at *7 (S.D. Ohio Feb. 6, 2026) ("Allegations of conspiracy must be supported by allegations of fact that support a 'plausible suggestion of conspiracy' not merely a 'possible' one" (citing *Twombly*, 550 U.S. 544 at 565)).  No such facts are alleged in the *pro se* complaint.

Accordingly, dismissal of all claims against Defendant Wilder is warranted.[5]  *See Ayers*, 2021 WL 4316853, at *4-5 (court-appointed attorneys were not state actors subject to liability under § 1983 when plaintiff pleaded no facts to support the conclusion that the attorneys conspired with the trial judge to deprive plaintiff of his rights).

### D.  The County Defendants' Motion to Dismiss

#### 1.  Absolute Prosecutorial Immunity re: Defendant Bruder

In their motion to dismiss, the County Defendants argue Defendant Bruder is entitled to absolute prosecutorial immunity as to all of Plaintiff's claims against her.  Doc. No. 23 at PageID 172.  They contend, "Plaintiff has alleged no facts showing that Defendant Bruder's actions fell outside the prosecutorial absolute immunity recognized in *Imbler* and confirmed in *Anderson*." *Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Anderson v. Cnty. of Hamilton*, 780 F. Supp.2d 635, 650 (S.D. Ohio 2010)).

"[A] prosecutor is absolutely immune from liability for 'initiating a prosecution' and 'presenting the State's case.'" *Howard v. Livingston County*, No. 21-1689, 2023 WL 334894, at *4 (6th Cir. Jan. 20, 2023) (quoting *Imbler*, 424 U.S. at 431).  Determining whether a prosecutor's conduct falls within those categories calls for a "functional approach."  *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)).  "This approach looks to the nature of the function performed, not the identity of the actor who performed it."  *Id.* (citation omitted) (quotation omitted).  "Officials seeking the protection of absolute immunity bear the burden of showing that absolute immunity is justified and that qualified immunity does not suffice."  *Jackson v. City of Cleveland*, 64 F.4th 736, 743 (6th Cir. 2023) (quotation omitted).

---

[5] Although Wilder advances additional arguments in support of his motion to dismiss, the Court finds no need to reach those arguments because he did not act under the color of state law and did not plausibly conspire with other Defendants.  *See* Doc. No. 22 at PageID 150-55, 158-162.

The Court finds that the County Defendants have met their burden and Defendant Bruder is entitled to absolute immunity for her alleged acts in initiating and prosecuting Plaintiff's state case. *See Jackson*, 64 F.4th at 743; *Howard*, 2023 WL 334894, at *4-5. However, the County Defendants have not shown that Plaintiff's allegations with regard to his Fourth Amendment wrongful investigation claim—*i.e.*, that Defendant Bruder purportedly deleted or tampered with messages on Plaintiff's cell phones, Doc. No. 3 at PageID 62-68—fall within the scope of Defendant Bruder's prosecutorial duties. *See Ireland v. Tunis*, 113 F.3d 1435, 1447 n. 7 (6th Cir. 1997) ("[N]ot all investigative acts undertaken by a prosecutor will be absolutely protected. Conducting a preliminary investigation is generally removed from a prosecutor's role in a judicial proceeding; 'such investigations take place outside the adversarial arena with its attendant safeguards that provide real and immediate checks to abusive practices'" (quoting *Auriemma v. Montgomery*, 860 F.2d 273, 278 (7th Cir.1988))). Additionally, the County Defendants do not argue in their motion to dismiss that qualified immunity protects Defendant Bruder from Plaintiff's claims. *See Jackson*, 64 F.4th at 743. Accordingly, all Plaintiff's claims—except his Fourth Amendment wrongful investigation claim—against Defendant Bruder are **DISMISSED**.

### 2. Qualified Immunity re: Defendant Phelps-Powers

The County Defendants contend the complaint against Defendant Phelps-Powers should be dismissed because she is entitled to qualified immunity in her individual capacity.[6] Doc. No. 23 at PageID 172-74. However, when raising qualified immunity, the County Defendants explain, "As this is fact and case specific, the Sixth Circuit prefers to leave the determination of whether qualified immunity applies for summary judgment, unless a plaintiff's allegations do not 'plausibly show[ ] a violation of his clearly established rights, then the officer-defendant is entitled to immunity from suit.'" *Id*. at PageID 173 (citations omitted). The County Defendants then assert,

---

[6] No party argues any other Defendant is entitled to qualified immunity.

"Plaintiff is required to present evidence sufficient to create a genuine issue as to whether the Defendant Phelps-Powers committed the acts that violated the law.  Plaintiff alleges that his constitutional rights were violated; however, he offers no evidence of the alleged acts committed by Defendant Phelps-Powers to prove his claim." *Id*.

"[D]istrict courts have a duty to address qualified immunity when it is properly raised prior to discovery." *Myers v. City of Centerville*, 41 F.4th 746, 758 (6th Cir. 2022) (quotation omitted). In this matter, the County Defendants incorrectly rely on the more demanding summary judgment standard at the motion to dismiss stage before the parties have engaged in any discovery. *Compare McDonald v. Flake*, 814 F.3d 804, 812 (6th Cir. 2016) ("At the summary judgment stage, the plaintiff must show that (1) the defendant violated a constitutional right and (2) that right was clearly established.  In so doing, the plaintiff must, at a minimum, offer sufficient evidence to create a genuine issue of fact, that is, evidence on which a jury could reasonably find for the plaintiff" (citation omitted) (quotation omitted)), *with Grose v. Caruso,* 284 Fed. App'x 279, 283 (6th Cir. 2008) ("[T]he standard for a 12(b)(6) motion is whether the allegations, if taken as true, could state a claim upon which relief may be granted, [and] dismissal of [defendants] on the basis of qualified immunity is premature").  Since discovery has not yet occurred in this case, it is procedurally premature for the County Defendants to argue that Defendant Phelps-Powers is entitled to qualified immunity based solely on the asserted absence of genuinely disputed material facts.  *See* Doc. No. 23 at PageID 173.  Therefore, the County Defendants' motion to dismiss Defendant Phelps-Powers on qualified immunity grounds, at this juncture, merits denial.  *See Myers*, 41 F.4th at 758; *see also* Fed. R. Civ. P. 56(b).

### 3. Conclusion

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, the County Defendants' motion, along with the procedural posture of this case,

and further recognizing that the issue of qualified immunity was not properly developed here, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' remaining arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 Fed. App'x 416, 422 (6th Cir. 2014); *Grose*, 284 Fed. App'x at 284; *Nuchols v. Berrong*, 141 Fed. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

### III.

To summarize: The Court **GRANTS** Plaintiff's motion to file a sur-reply and **DENIES** his motion for reconsideration. The Court **DISMISSES** Plaintiff's civil conspiracy claim against all Defendants. The Court **GRANTS** Defendant Wilder's motion to dismiss and **DISMISSES** Defendant Wilder from this case. Given that ruling, the Court **TERMINATES AS MOOT** Wilder's pending motion to strike. Moreover, the Court **GRANTS IN PART AND DENIES IN PART** the County Defendants' motion to dismiss and **DISMISSES** all claims against Defendant Bruder except Plaintiff's Fourth Amendment wrongful investigation claim. The Court **CLARIFIES** Defendant McGhee did not file a dispositive motion and remains in this case. Remaining in this case are these Defendants and the following claims: Defendant Phelps-Powers (claims 1, 2, 3, 4, 5, 6, and 11); Defendant Bruder (claim 5); and Defendant McGhee (claims 1, 2, 3, 4, 5, 6, and 11).

**IT IS SO ORDERED.**

March 12, 2026                                          s/*Michael J. Newman*
                                                       Hon. Michael J. Newman
                                                       United States District Judge