UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICK WILKERSON, SR.,

       Plaintiff,

vs.

MELANIE PHELPS-POWERS, *et al.*,

       Defendants.

Case No. 3:24-cv-114

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain. Jr.

---

**ORDER DENYING *PRO SE* DEFENDANT NAKELA MCGHEE'S AMENDED MOTION TO CONCEDE LIABILITY (Doc. No. 39)**

---

This civil case, brought by *pro se* Plaintiff Patrick Wilkerson, Sr. under 42 U.S.C. § 1983, concerns the investigation, prosecution, and acquittal of Plaintiff in a criminal case brought in the Montgomery County, Ohio Court of Common Pleas.[1]  *See* Doc. Nos. 2, 3, 6, 38.  The case is before the Court upon *pro se* Defendant Nakela McGhee's amended motion to concede liability.  Doc. No. 39.  Neither Plaintiff nor any other Defendant filed a response to McGhee's motion and the time for doing so has passed.  S.D. Ohio Civ. R. 7.2(a)(2).  Thus, the motion is ripe for review.

Liberally construing McGhee's *pro se* motion in her favor, *see Estelle*, 429 U.S. at 106, she seeks to concede her own liability in this case by "formally conced[ing] … the allegations made in the complaint against [her] by … [P]laintiff[.]"  Doc. No. 39 at PageID 283.  She alleges, in part, "The facts of the complaint from beginning to end (paragraphs 8-57), are a reflection of and true representation of the timeline of events as … [P]laintiff has described."  *Id*.

---

[1] As with all *pro se* litigants, Plaintiff's documents and allegations are liberally construed in his favor.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Scott v. Becher*, 736 Fed. App'x 130, 132 (6th Cir. 2018).  The same applies to Defendant Nakela McGhee, who also appears *pro se*.

Although McGhee seeks to concede her own liability in this case, her statement of the particular facts she admits does not necessarily expose her to liability under § 1983 because it appears she is a private citizen, not a party acting under the color of state law.  *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526  U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'" (citation omitted)), and because her role as a testifying witness during Plaintiff's trial may immunize her from § 1983 liability.  *Cf. Moldowan v. City of Warren*, 578 F.3d 351, 398 (6th Cir. 2009) (A crime victim who testified at the defendant's trial "is entitled to immunity regardless of whether she conspired to deliver false or incomplete testimony." (citing *Alioto v. City of Shively,* 835 F.2d 1173, 1174 (6th Cir. 1987) ("The doctrine enunciated *Briscoe v. LaHue*[, 460 U.S. 325, 328 (1983)] also shields from liability alleged conspiracies to give false and incomplete testimony in judicial proceedings")).  In addition, it is premature to accept McGhee's "concessions" at this point in the case because they might impact one or more other pending claims.  *See* Doc. No. 39 at PageID 283.

Accordingly, McGhee's *pro se* amended motion to concede liability is **DENIED**.  Both sides are advised of the Lawyer Referral Service offered by the Dayton Bar Association.  The Lawyer Referral Service may be reached at (937) 222-7902.

**IT IS SO ORDERED**.

June 3, 2026                                   s/*Michael J. Newman*
                                               Hon. Michael J. Newman
                                               United States District Judge